IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-173-CFC-EGT |
| | ) | |
| CHRISTIANA CARE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Larry Jackson, an inmate at Howard R. Young Correctional Institute, filed this apparent civil rights action against Defendant Christiana Care Corp. on February 17, 2026. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED.

## I. BACKGROUND

Plaintiff is a self-described "elderly, disabled Black man." (D.I. 2 at 4). He alleges that sometime in April 2024 he went to Defendant's hospital in Newark, Delaware for a prostate exam. (*Id.*). According to Plaintiff, while his prostate was being examined, "Defendant injured [him]." (*Id.*). Plaintiff claims that he almost died, endured months of painful recovery and "ostensibly" lost some cognitive function permanently. (*Id.* at 5). Plaintiff alleges that Defendant "treated other similarly situated persons better." (*Id.* at 4). The Complaint contains no other allegations. Plaintiff seeks $10 million in punitive damages and a permanent injunction restraining Defendant from "engaging in bias against elderly, disabled Black males." (*Id.* at 5).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The goal is to provide "fair notice" of the claim and its supporting facts. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). Plaintiff includes three short sentences to support an unidentified claim: (1) Defendant checked his prostate, (2) Defendant injured him and (3) other similarly situated persons were treated better. (D.I. 2 at 4). Defendant – and the Court – have no real notice as to what Plaintiff's claim is. At best, the pleading gives the Court a vague sense that Plaintiff is trying to accuse Defendant of discriminating against him based on something.

Given Plaintiff's use of the phrase "similarly situated" in his threadbare allegations and the fact that his Complaint was filed using a form Section 1983 complaint (*see* D.I. 2 at 1, 4), Plaintiff may be attempting to assert a discrimination claim under 42 U.S.C. § 1983. *See Children's Health Def., Inc. v. Rutgers, the State Univ. of N.J.*, 93 F.4th 66, 83-84 (3d Cir. 2024). But a claim under § 1983 can only be brought against state actors. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Private entities are generally not state actors unless "there is such a close nexus between the State and the

challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up). Private hospitals like the one run by Defendant (*see* D.I. 2 at 4) are generally not considered state actors. *See, e.g.*, *Wang v. Univ. of Pittsburgh*, — F.4th —, 2026 WL 1959171, at *13 (3d Cir. July 7, 2026) (affirming dismissal of private hospital system for lack of state action). And Plaintiff does not allege any facts to suggest that Defendant was a state actor (or acting in the capacity of one) when it conducted the complained-of prostate exam. Therefore, to the extent that Plaintiff is attempting to assert a discrimination claim against Defendant under § 1983, such a claim fails and should be dismissed.

If outside the context of § 1983, Plaintiff may also be asserting that Defendant discriminated against him on the basis of ***something*** when performing the complained-of prostate exam. (*See* D.I. 2 at 4 ("I am a elderly, disabled Black man, Defendant treated other similarly-situated persons better.")). Yet Plaintiff does not indicate whether his claim of disparate treatment is based on race, disability or something else – despite each theory having different elements to prove (and plead). And there are no factual allegations (plausible or otherwise) pled to support any theory of disparate treatment. For example, Plaintiff never indicates what his alleged disability is – let alone that it is a qualifying disability to receive protection. *See, e.g.*, *Fullman v. City of Philadelphia*, C.A. No. 24-682, 2026 WL 736307, at *6-7 (E.D. Pa. Mar. 16, 2026). And Plaintiff never offers any modicum of detail regarding the similarly situated persons who were allegedly treated better (and how).[1] *Erie CPR v. Pa. Dep't of Transp.*, 343 F. Supp. 3d 531, 554 (W.D. Pa. 2018) (race discrimination under Title VI of the Civil Rights Act of 1964); *see also Ivey v. Sodexo S.A.*, C.A. No. 25-1025 (GTS/ML), 2026 WL 2185270, at *8 (N.D.N.Y. July 29, 2026) (dismissing

---

[1] To the extent Plaintiff seeks monetary damages for age discrimination under the Age Discrimination Act of 1975, such relief is unavailable. *See Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001).

Title VI and Age Discrimination Act claims when no allegations suggested that defendant's actions were taken because of plaintiff's race or age). Plaintiff has failed to adequately plead any cognizable claim of discrimination based on disparate treatment.

Because Plaintiff's boilerplate allegations do not state a claim against Defendant, the Complaint should be dismissed. That being said, the Court is unable to conclude at this point that amendment would be futile. The Court thus recommends that the Complaint be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint (D.I. 2) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to four (4) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: August 21, 2026

UNITED STATES MAGISTRATE JUDGE